SUMMARY ORDER

Petitioner Ain Gin Chen, a native and citizen of the People’s Republic of China, seeks review of a December 6, 2007 order of the BIA denying her motion to reopen. In re Ain Gin Chen, No. A073 507 641 (B.I.A. Dec. 6, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008).
We conclude that the agency did not abuse its discretion in denying Chen’s untimely motion to reopen because it reasonably found that she failed to submit sufficient evidence of changed circumstances in China. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(2); see Wei Guang Wang v. B.I.A., 437 F.3d 270, 273 (2d Cir.2006) (finding that the birth of children in the United States was a change in personal circumstances, and not changed circumstances under the regulations).
Chen argues that the BIA abused its discretion in failing to undertake an individualized review of her evidence to find that she did not establish either changed circumstances in China or prima facie eligibility for relief. However, the BIA may evaluate evidence that it “is asked to consider time and again ... in a summary fashion without a reviewing court presuming that it has abused its discretion.” Wei Guang Wang, 437 F.3d at 275. While Chen correctly states that the BIA did not explicitly address the Village Notice in its decision, we have rejected the notion that the agency must “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner,” Jian Hui Shao, 546 F.3d at 169, and will “presume that [the agency] has taken into account all of the evidence before [it], unless the record eompellingly suggests otherwise,” Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d cir.2006).
Furthermore, even if we were to determine that the BIA erred in failing to address the Village Notice, remand would be futile here because the agency may reasonably decline to credit such unauthenticated evidence based on an underlying determination by the agency that the petitioner was not credible — a determination previously made by the agency in this case. See Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007) (holding that even if a decision contains errors, it “will not be vacated and remanded if doing so would be futile”); see also Qin Wen Zheng v. Gonzales, 500 F.3d 143, 146-47 (2d Cir.2007) (relying on the doctrine falsus in uno, falsus in omnibus to conclude that the agency may decline to credit documentary evidence submitted with a motion to reopen by an individual who was found not credible in the underlying proceeding) (citing Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir.2007)).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule *537 of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).